IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, )<br>　　　Plaintiff, ) | Civil Action No. 12-165Erie |
| v. ) | |
| COMMONWEALTH OF )<br>PENNSYLVANIA ATTORNEY<br>GENERAL, )<br>　　　Defendants. ) | Magistrate Judge Baxter |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

　　　This civil action was filed in this Court on July 24, 2012. Plaintiff, an inmate at SCI Albion, brought this civil rights action under 42 U.S.C. § 1983 challenging his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine." As relief, Plaintiff seeks an order from this Court that "the conviction is void and the [Plaintiff] is entitled to discharge and dismissal without delay." ECF No. 5, page 7. The only named Defendant is "Commonwealth of Pennsylvania Attorney General of Pennsylvania (Linda Kelly)."

　　　Defendant moves to dismiss this action. ECF No. 11. Plaintiff has filed an opposition brief. ECF No. 16. The issues are fully briefed and are ripe for disposition by this Court.

　　　**A. Standards of Review**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 6, 15.

1

### 1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### B. The Allegations of the *Pro se* Complaint

In his complaint, Plaintiff challenges his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine." As relief, Plaintiff seeks an order from this Court that "the conviction is void and the [Plaintiff] is entitled to discharge and dismissal without delay." ECF No. 5, page 7.

Defendant argues for dismissal of Plaintiff's claim "because it seeks to invalidate the sentence and obtain immediate release, thus it cannot be brought as a § 1983 action instead of a habeas petition, nor without having first satisfied the favorable termination rule of Heck v. Humphrey, but Plaintiff has not done so." ECF No. 13, page 2.

In Plaintiff's opposition brief, he clarifies his intent in regard to his complaint. Plaintiff makes clear that he means to challenge the constitutionality of the statute under which he was convicted, instead of the conviction itself. ECF No. 16, page 1. Plaintiff further explains that he made an error in the relief he sought in his complaint. Plaintiff states that he only seeks to have the criminal statute declared unconstitutional.

4

Because Plaintiff is a *pro se* litigant entitled to the benefits of <u>Haines v. Kerner</u>, and its progeny, and because the Federal Rules of Civil Procedure require that the opportunity to amend be freely given[2], Plaintiff will be allowed to file an amended complaint which more fully states his claim.

An appropriate Order follows.

---

[2] Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend a complaint] when justice so requires." <u>Id</u>. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. <u>In re NAHC, Inc. Securities Litig.</u>, 306 F.3d 1314, 13332 (3d Cir. 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
| Plaintiff, | ) | Civil Action No. 12-165Erie |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA ATTORNEY GENERAL, | ) ) ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 24th day of April, 2013;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 11] be DISMISSED.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint challenging the constitutionality of the criminal statute before May 24, 2013. Failure to file the amended complaint in a timely manner may result in the dismissal of this action for failure to prosecute.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge