IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA ATTORNEY )<br>GENERAL, )<br>    Defendants. ) | Civil Action No. 12-165Erie<br><br><br><br><br><br>Magistrate Judge Baxter |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on July 24, 2012. Plaintiff, an inmate[2] formerly incarcerated at SCI Albion, brought this civil rights action under 42 U.S.C. § 1983 challenging his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine."[3] ECF No. 5. The only named Defendant is "Commonwealth of Pennsylvania Attorney General of Pennsylvania (Linda Kelly)."

In response to the Original Complaint, Defendant moved to dismiss this action. ECF No. 11. Plaintiff filed an opposition brief in which he clarified his intent to challenge the constitutionality of the statute under which he was convicted, instead of the conviction itself.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 6, 15.

[2] It is unclear whether Plaintiff remains incarcerated at this time.

[3] Petitioner entered a guilty plea on July 6, 2005, and was sentenced on September 7, 2005, to a term of imprisonment of 4 ½ to 10 years. See Scutella v. D.M. Champerblain, C.A. No. 09-82E.

1

ECF No. 16, page 1. Plaintiff further explained that he made an error in the relief he sought in his complaint.

Because Plaintiff is a *pro se* litigant, this Court dismissed the pending motion to dismiss and directed Plaintiff to file an Amended Complaint to more fully state his claim. ECF No. 17. The Amended Complaint was filed on April 30, 2013. ECF No. 18. And, Defendant has again moved to dismiss this action. ECF No. 19. Plaintiff has filed a one-page Opposition Brief explaining that he has not been granted an opportunity to research his legal arguments due to his placement at "Erie CCC." ECF No. 24.

### A. Standards of Review

#### 1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other

2

grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at

556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

### B. Plaintiff's Allegations

In his Original Complaint, Plaintiff challenged his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine."[4] As relief, Plaintiff sought an order from this Court that "the conviction is void and the [Plaintiff] is entitled to discharge and dismissal without delay." ECF No. 5, page 7.

Liberally construing the allegations of his Amended Complaint, Plaintiff claims that a Pennsylvania statute is unconstitutional because:

- The statute is void for vagueness;

- The statute was not enacted in accordance with Pennsylvania's enacting clause[5];

- The punishment is too severe for a nonviolent offender; and

- The mandatory sentencing structure usurps the sentencing judge's authority.

---

[4] 35 P.S. § 781-113(a)(30) prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance … or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."

[5] The claim under Pennsylvania's enacting clause arises strictly under Pennsylvania law and this Court will not exercise supplemental jurisdiction over this matter. See Trinity Industries, Inc. v. Chicago Bridge & Iron Co., 735 F.3d 131, 135 (3d Cir. 2013).

4

ECF No. 18.[6] However, Plaintiff complains of both the statute upon which he was convicted (35 P.S. § 781-113(a)(30)) and the statute under which he was sentenced (18 P.S. § 7508(b)).[7] Furthermore, Plaintiff's Amended Complaint does not request any relief beyond a declaration of unconstitutionality of "the statute." Given the vague nature of Plaintiff's allegations, it is impossible for this Court to determine whether Plaintiff has stated a claim upon which relief may be granted.

The pending motion to dismiss does not address these deficiencies in the Amended Complaint, but instead focuses on a previous habeas corpus action brought by Plaintiff and the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 484 (1994) (holding that if success of a 1983 damages suit brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence, the prisoner may only bring the claim where the conviction or sentence has been invalidated.").

In accord with Haines v. Kerner, and its progeny, Plaintiff will be permitted to file a Second Amended Complaint more fully stating his constitutional challenge and the pending motion to dismiss shall be dismissed. Plaintiff must fully set forth his constitutional challenges to either or both of the statutes. Plaintiff must fully identify the specific relief he seeks from this Court. This will be Plaintiff's final opportunity to set forth his claim.

An appropriate Order follows.

---

[6] To the extent that any of Plaintiff's allegations can be liberally construed as raising a civil rights violation based upon his conviction, such a claim is barred by the favorable termination requirement of

[7] This Court notes that § 7508(b) has recently been declared unconstitutional by the Superior Court of Pennsylvania. See Commonwealth v. Watley, 2013 WL 6164340 (Pa.Super. Nov. 25, 2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
| Plaintiff, | ) | Civil Action No. 12-165Erie |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA ATTORNEY | ) | |
| GENERAL, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# O R D E R

AND NOW, this 31st day of December, 2013;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 19] be dismissed.

IT IS FURTHER ORDERED that Plaintiff must file a Second Amended Complaint before January 21, 2013. Plaintiff must fully set forth the constitutional challenges to the specific statute/s and must fully identify the relief he seeks from this Court. No further amendment of the complaint will be permitted. Plaintiff's failure to file a Second Amended Complaint by January 21, 2013, may result in the dismissal of this case for failure to prosecute.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge