IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
| Plaintiff, | ) | Civil Action No. 12-165Erie |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA ATTORNEY | ) | |
| GENERAL, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

**Relevant Procedural History**

This civil action was filed in this Court on July 24, 2012. Plaintiff, formerly an inmate incarcerated at SCI Albion, brought this civil rights action under 42 U.S.C. § 1983 challenging his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine."[2] ECF No. 5. The only named Defendant was "Commonwealth of Pennsylvania Attorney General of Pennsylvania (Linda Kelly)."

In response to the Original Complaint, Defendant moved to dismiss this action. ECF No. 11. Plaintiff filed an opposition brief in which he clarified his intent to challenge the constitutionality of the statute under which he was convicted, instead of the conviction itself.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Petitioner entered a guilty plea on July 6, 2005, and was sentenced on September 7, 2005, to a term of imprisonment of 4 ½ to 10 years. See Scutella v. D.M. Chamberlain, C.A. No. 09-82E.

1

ECF No. 16, page 1. Plaintiff further explained that he made an error in the relief he sought in his complaint.

This Court dismissed the pending motion to dismiss and directed Plaintiff to file an Amended Complaint to more fully state his claim. ECF No. 17. The Amended Complaint was filed on April 30, 2013. ECF No. 18. Defendant again moved to dismiss this action. ECF No. 19. In opposition, Plaintiff filed a one-page brief explaining that he had not been able to research his legal arguments due to his placement at "Erie CCC." ECF No. 24. Given the vague nature of the allegations of the Amended Complaint, it was impossible for this Court to determine whether Plaintiff had stated a claim upon which relief could be granted. Plaintiff was directed to file a Second Amended Complaint[3] and the pending motion to dismiss was dismissed. ECF No. 26.

Thereafter, Plaintiff filed the Second Amended Complaint challenging the constitutionality of 18 Pa.C.S. § 7508, the statute detailing the mandatory minimum sentence for "Possession with the Intent to Deliver 100-1000 Grams of Cocaine." ECF No. 27. As Defendants to this action, Plaintiff names the Commonwealth of Pennsylvania because "it is legally responsible for enforcing the statute" and the Attorney General of Pennsylvania because she "is legally responsible for the use of these statues and is allowed to intervene." Id. at pages 1-2. As relief, Plaintiff seeks to have this Court "rule[] this statute unconstitutional has [sic] it caused the plaintiff and other irreparable harm and the state must be forced to change it. I only ask for the relief of the federal courts to rule this statute unconstitutional and force the state to make changes." Id. at ¶ 22.

---

[3] This Court directed that "Plaintiff must fully set forth is constitutional challenges to either or both of the statues. Plaintiff must fully identify the specific relief he seeks from this Court. This will be Plaintiff's final opportunity to set forth his claim." ECF No. 26, page 5.

Defendants have filed a motion to dismiss. ECF No. 30. Despite being given the opportunity to do so, Plaintiff has failed to file a brief in opposition to the pending motion to dismiss.

**Standards of Review**

    1) *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); <u>Smith v. U.S. District Court</u>, 956 F.2d 295 (D.C.Cir. 1992); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. 1997), <u>overruled on other grounds by</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001). See, e.g., <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

2) **Motion to dismiss pursuant to Rule 12(b)(1)**

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, the Court is "not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The Third Circuit has explained:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very-power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

4

Mortensen, 549 F.2d at 891.

**Plaintiff's Allegations**

In his Original Complaint, Plaintiff challenged his conviction under Pennsylvania's criminal statute outlawing "Possession with the Intent to Deliver 100-1000 grams of Cocaine." As relief, Plaintiff sought an order from this Court that "the conviction is void and the [Plaintiff] is entitled to discharge and dismissal without delay." ECF No. 5, page 7.

In his First Amended Complaint, Plaintiff alleged that **a** Pennsylvania statute was unconstitutional for several reasons and requested as relief that **the** statute be declared unconstitutional. However, because Plaintiff complained about two statutes (both the statute upon which he was convicted and the statute under which he was sentenced), and given the vague nature of Plaintiff's allegations, Plaintiff was directed to file a Second Amended Complaint "more fully stating his constitutional challenge and the pending motion to dismiss shall be dismissed. Plaintiff must fully set forth his constitutional challenges to either or both of the statutes. Plaintiff must fully identify the specific relief he seeks from this Court." ECF No. 26.

The Second Amended Complaint challenges § 7508, the statute detailing the mandatory minimum sentences for "Possession with Intent to Deliver 100-1000 grams of Cocaine." Plaintiff claims that the statute violates due process, is too severe for a nonviolent offender, and should be declared void for vagueness. As relief, Plaintiff seeks only declaratory judgment.[4]

---

[4] To the extent that any of Plaintiff's allegations can be liberally construed as raising a civil rights violation based upon his conviction, such a claim is barred by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 484 (1994) (holding that if success of a 1983 damages suit brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence, the prisoner may only bring the claim where the conviction or sentence has been invalidated.").

**Standing**

Defendants move to dismiss this action based upon Plaintiff's lack of standing.

The question of standing is a threshold inquiry. City of Pittsburgh v. West Pennsylvania Power Co., 147 F.3d 256, 264 (3d Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Standing is not merely a "pleading requirement but rather an indispensable part of the plaintiff's case [.]" Id. ("each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

To maintain an action in federal court, a plaintiff must demonstrate constitutional standing by satisfying several requirements imposed by Article III of the Constitution. See Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137-38 (3d Cir. 2009).[5] The Third Circuit has summarized the "irreducible constitutional minimum" of Article III's standing requirements as consisting of three elements:

> First, the plaintiff must have suffered a concrete, particularized injury-in-fact, which must be actual or imminent, not conjectural or hypothetical. Second, that injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, the plaintiff must establish that a favorable decision likely would redress the injury.

---

[5] The standing inquiry "involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Plaintiffs must demonstrate prudential standing by meeting certain judge-made requirements designed to limit the exercise of federal jurisdiction. Without these additional prudential considerations, "the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent ... and judicial intervention may be unnecessary to protect individual rights." Id. at 500.

Id. (internal citation omitted). See also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). Further, plaintiffs must demonstrate that they have standing to bring each and every claim against each and every defendant. Toll Bros., 555 F.3d at 139 n.5 (a plaintiff "must demonstrate standing for each claim it seeks to press" and "must demonstrate standing separately for each form of relief sought") (internal citation omitted).

"A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." United States v. Lopez, 650 F.3d 952, 960 n.7 (3d Cir. 2011) quoting County Court of Ulster County, N.Y. v. Allen, 442 U.S. 140, 154-55 (1979). In their motion to dismiss, Defendants argue that Plaintiff:

> … was not sentenced under 18 Pa.C.S. § 7508, which he acknowledges. Scutella was sentenced to more than the mandatory minimum sentence provided by the statute and without apparent regard to it, in relation to a negotiated plea bargain. See 18 Pa.C.S. § 7508(c). Since the statute had no application to his sentence, Scutella has no standing to challenge it.

ECF No. 31, page 4.

Despite being given the time and opportunity to respond to Defendants' motion to dismiss, Plaintiff has filed no opposition thereto. "On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007). Plaintiff has not established that he suffered an injury traceable to § 7508, and therefore, he lacks standing to challenge the constitutionality of that statute. The motion to dismiss will be granted.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-165Erie |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA ATTORNEY | ) | |
| GENERAL, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 17th day of September, 2014;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 30] be GRANTED. The Clerk of Courts should be directed to close this case.

                                                  /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge